# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CLARK, SHELIA | § | Case No. 15-17108 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/14/2015 . The undersigned trustee was appointed on 05/14/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $    8,426.79

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 6.10 |
| Bank service fees | 22.51 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

    Leaving a balance on hand of[1]                    $    8,398.18

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 11/20/2015 and the deadline for filing governmental claims was 11/20/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,592.68 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,592.68 , for a total compensation of $ 1,592.68 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/24/2016         By: /s/Joseph A. Baldi
                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 15-17108 | Judge: Jacqueline P. Cox | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | CLARK, SHELIA | | Date Filed (f) or Converted (c): | 05/14/15 (f) |
| | | | 341(a) Meeting Date: | 06/18/15 |
| For Period Ending: | 03/24/16 | | Claims Bar Date: | 11/20/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2424 S 19th Ave Broadview, IL 60155 (Debtor's Res | 66,600.00 | 0.00 | | 0.00 | FA |
| 2. Bank Accounts - Wells Fargo *2517 (u) | 0.00 | 8,426.79 | | 8,426.79 | FA |
| Funds held in Wells Fargo Acct No. 2517 | | | | | |
| 3. Chase Checking Account | 10.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods | 2,000.00 | 0.00 | | 0.00 | FA |
| 5. Books and Art Objects | 50.00 | 0.00 | | 0.00 | FA |
| 6. Wearing Apparel | 100.00 | 0.00 | | 0.00 | FA |
| 7. Pension / Profit Sharing | Unknown | 0.00 | | 0.00 | FA |
| 8. 2010 Chevy Cobalt | 7,987.00 | 0.00 | | 0.00 | FA |
| 9. 2010 Hyundai Sonata | 9,559.00 | 0.00 | | 0.00 | FA |
| 10. Term Life Policy | 0.00 | 0.00 | | 0.00 | FA |
| No cash value | | | | | |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $86,306.00 | $8,426.79 | | $8,426.79 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Shortly after the case was filed, Trustee recieved notification from Wells Fargo bank of funds held on account in the name of the Debtor; Debtor did not schedule the Wells Fargo account on her schedules of assets; Debtor claimed the funds belonged to her sister but did not provide any evidence thereof. Trustee issued a subpoena to Wells Fargo and received documentation indicating that the funds belonged to the Debtor. Trustee obtained an order directing Wells Fargo to turnover the proceeds of the bank account; Trustee reviewed claims and prepared his TFR.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 15-17108 | Judge: Jacqueline P. Cox | |
| Case Name: | CLARK, SHELIA | | |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi |
| Date Filed (f) or Converted (c): | 05/14/15 (f) |
| 341(a) Meeting Date: | 06/18/15 |
| Claims Bar Date: | 11/20/15 |

March 09, 2016, 04:24 pm Final report filed 3/3/16 with UST.

Initial Projected Date of Final Report (TFR): 12/31/15   Current Projected Date of Final Report (TFR): 12/31/15

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 15-17108 -JPC | | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | CLARK, SHELIA | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******7485 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******9807 | | | |
| For Period Ending: | 03/24/16 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/24/15 | 2 | WELLS FARGO - CASHIER'S CHECK<br>PO BOX 5110, MAC N9777-016<br>SIOUX FALLS, SD 57117-5110 | TURNOVER OF BANK FUNDS | 1229-000 | 8,426.79 | | 8,426.79 |
| 10/07/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 8,416.79 |
| 11/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 12.51 | 8,404.28 |
| 02/15/16 | 001001 | ARTHUR B. LEVINE COMPANY<br>370 Lexington Avenue, Suite 1101<br>New York, NY 10017 | Bond Premium Payment<br>2016 Bond Premium Payment | 2300-000 | | 6.10 | 8,398.18 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 8,426.79 | 28.61 | 8,398.18 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 8,426.79 | 28.61 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 8,426.79 | 28.61 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - ********7485) | 8,426.79 | 28.61 | 8,398.18 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 8,426.79 | 28.61 | 8,398.18 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 8,426.79 28.61

| Page 1 | | EXHIBIT C<br>ANALYSIS CLAIMS REGISTER | | | | Date: March 24, 2016 |
|---|---|---|---|---|---|---|

Case Number: 15-17108  
Debtor Name: CLARK, SHELIA  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | Joseph A. Baldi, Trustee<br>c/o Baldi Berg, Ltd.<br>20 N Clark Street, Ste. 200<br>Chicago, Illinois 60602 | Administrative | | $1,592.68 | $0.00 | $1,592.68 |
| 001<br>3110-00 | BALDI BERG<br>20 NORTH CLARK STREET<br>SUITE 200<br>CHICAGO, IL 60602 | Administrative | | $4,737.50 | $0.00 | $4,737.50 |
| BOND 001<br>2300-00 | ARTHUR B. LEVINE COMPANY<br>370 Lexington Avenue, Suite 1101<br>New York, NY 10017 | Administrative | <br>2221657485  02/15/16  1001 | $6.10<br> | $6.10<br>6.10 | $0.00 |
| 000001<br>070<br>7100-00 | Cavalry SPV I, LLC as assignee<br>of GE Capital Retail Bank/Care Credit<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | Unsecured | | $1,577.61 | $0.00 | $1,577.61 |
| 000002<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $2,876.78 | $0.00 | $2,876.78 |
| 000003<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $655.22 | $0.00 | $655.22 |
| 000004<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $1,152.80 | $0.00 | $1,152.80 |
| 000005<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $3,492.26 | $0.00 | $3,492.26 |
| 000006<br>070<br>7100-00 | Dell Financial Services, LLC<br>Resurgent Capital Services<br>PO Box 10390<br>Greenville, SC 29603-0390 | Unsecured | | $7,529.47 | $0.00 | $7,529.47 |
| 000007<br>070<br>7100-00 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Unsecured | | $2,342.47 | $0.00 | $2,342.47 |
| 000008<br>070<br>7100-00 | Portfolio Recovery Associates, LLC<br>successor to GE CAPITAL RETAIL<br>BANK<br>(WAL-MART)<br>POB 41067<br>Norfolk VA 23541 | Unsecured | | $2,914.31 | $0.00 | $2,914.31 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS CLAIMS REGISTER | | | Date: March 24, 2016 |

Case Number:   15-17108                          Claim Class Sequence
Debtor Name:   CLARK, SHELIA

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Case Totals: | | | $28,877.20 | $6.10 | $28,871.10 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-17108
Case Name: CLARK, SHELIA
Trustee Name: Joseph A. Baldi

Balance on hand $ 8,398.18

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ 1,592.68 | $ 0.00 | $ 1,592.68 |
| Attorney for Trustee Fees: BALDI BERG | $ 4,737.50 | $ 0.00 | $ 4,737.50 |
| Other: ARTHUR B. LEVINE COMPANY | $ 6.10 | $ 6.10 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses $ 6,330.18

Remaining Balance $ 2,068.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $ 22,540.92  have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  9.2  percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Cavalry SPV I, LLC as assignee | $ 1,577.61 | $ 0.00 | $ 144.74 |
| 000002 | Capital One Bank (USA), N.A. | $ 2,876.78 | $ 0.00 | $ 263.93 |
| 000003 | Capital One Bank (USA), N.A. | $ 655.22 | $ 0.00 | $ 60.11 |
| 000004 | Capital One Bank (USA), N.A. | $ 1,152.80 | $ 0.00 | $ 105.76 |
| 000005 | Capital One Bank (USA), N.A. | $ 3,492.26 | $ 0.00 | $ 320.39 |
| 000006 | Dell Financial Services, LLC | $ 7,529.47 | $ 0.00 | $ 690.79 |
| 000007 | MERRICK BANK | $ 2,342.47 | $ 0.00 | $ 214.91 |
| 000008 | Portfolio Recovery Associates, LLC | $ 2,914.31 | $ 0.00 | $ 267.37 |
| | Total to be paid to timely general unsecured creditors | | | $ 2,068.00 |
| | Remaining Balance | | | $ 0.00 |

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE